PER CURIAM.
The appellant, Noel Howard Wells, challenges his conviction and sentence for criminal solicitation to commit a robbery with an aggravated battery. We affirm appellant’s conviction without discussion, but reverse the sentence.
A jury found appellant guilty of soliciting a fellow employee to commit a robbery with an aggravated battery on his girlfriend’s ex-husband. The robbery and battery were never committed because the fellow employee notified the authorities. The trial court adjudicated appellant guilty of criminal solicitation to commit a robbery with an aggravated battery and sentenced him to five years probation. Appellant filed a timely notice of appeal.
The issue is whether the trial court erred in applying the enhancement statute, section 775.087, Florida Statutes (1993), to the solicitation charge and sentencing appellant for a second degree felony instead of a third degree felony. We find that this was error.
Section 775.087 provides that if a person is charged with a felony and during the commission of such felony the person commits an aggravated battery, a felony of the thh’d degree is enhanced to a felony of the second degree. Robbery with an aggravated battery is a second degree felony according to section 812.13(2)(c), Florida Statutes (1993). Solicitation of this second degree felony is a third degree felony. § 777.04(4)(e), Fla.Stat. (1993). The trial court in this case applied section 775.087(l)(c) to enhance appellant’s solicitation charge from a thud degree felony to a second degree felony.
Whether the enhancement statute of section 775.087(l)(c) can be applied to a solicitation charge appears to be a question of first impression. Applying the plain meaning of the statute, we agree with appellant that this provision was not intended to apply to the *99 crime of solicitation itself. The statute provides that if during the commission of a felony the defendant commits an aggravated battery, the felony shall be reclassified. § 775.087(1), Fla.Stat. (1993) (emphasis added). In this case, the aggravated battery was not committed during the commission of the solicitation. Thus, the trial court incorrectly applied the reclassification statute to the solicitation charge. Therefore, appellant should have only been sentenced for a third degree felony.
Accordingly, we affirm the appellant’s conviction’ but reverse the sentence for a second degree felony and remand to the trial court to sentence appellant for a third degree felony.
Affirmed in part; reversed in part; and remanded with instructions.
CAMPBELL, A.C.J., and SCHOONOVER and FULMER, JJ., concur.